[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff proposes to commence a lawsuit against Yale University, Yale's Associate Secretary, plaintiff claims that in August of 1999, it was his intention to bring an internal complaint against certain members of the Yale University Police force. He wrote to the University to ask for the first names of the officers against whom he wished an investigation started. He alleges that Yale either did not respond or responded with false and misleading information based on his own misspelling of the last name of one officer. He attaches as an exhibit to his complaint a letter he received from the Lieutenant DeBenedet dated September 24, 1999, who forwarded to the plaintiff a civilian complaint form so that the plaintiff could describe the officers and the incident. The letter states that a description of the time and location of the police actions complained of will enable the department to undertake a "complete investigation." It is unclear if the plaintiff ever, in fact, filed his civilian complaint.
He alleges in his proposed lawsuit that his statutory and constitutional rights have been violated by the failure of the University to respond to him more accurately and fully under the Freedom of Information Act, Conn. Gen. Stat. 1-200. The Freedom of Information Act applies only to public agencies, not to private entities. He does not allege that he has incurred any loss, injury, or damage.
The court has reviewed the application for waiver of fees filed by the plaintiff, and the plaintiffs summons, complaint, and attachments, and enters the following orders:
1. The court, having found the plaintiff to be indigent, grants the waiver of the filing fee, so that the case may be placed in a court file. CT Page 3068
2. The court, having determined that the allegations of the plaintiff so fail to state a cause of action that the claim is frivolous, orders that the case be dismissed.
3. The court directs the clerk to mail a copy of the contents of this Superior Court file to the Office of the General Counsel for the
IT IS SO ORDERED.
Jonathan E. Silbert, Judge